IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | JENNIFER WILLIAMS, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| 1. | CHICKASHA LODGE NO. | ) |
| | 2125, BENEVOLENT AND | ) |
| | PROTECTIVE ORDER OF | ) |
| | ELKS OF THE UNITED | ) |
| | STATES OF AMERICA, | ) |
| | | ) |
| | Defendant, | ) |

Civil Action No.  CIV-24-1345-SLP

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by way of complaint against Defendant, alleges the following:

## I.  Nature of Action

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the employment of Plaintiff by Defendant and her termination therefrom.   This action seeks to enforce the rights created under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq*., and The Oklahoma Anti-Discrimination Act ("OADA") 25 O.S. § 1101 *et. seq*. prohibiting discrimination in employment based upon gender, sexual harassment and retaliation. As redress, Plaintiff prays for and demands declaratory, injunctive, equitable and legal relief, including reinstatement or front pay, back pay, compensatory damages, punitive damages and attorney's fees and costs.

1

## II.  Jurisdiction and Venue

2.1    This Court has jurisdiction over Plaintiff's claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

2.2    Venue is proper in this Court pursuant to 28 U.S.C. § 1392 and 42 U.S.C. §2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because Defendant resides within the judicial district of this Court.

2.3    All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964.  On October 9, 2024 the EEOC issued a right to sue notice to Plaintiff.  This suit is instituted within the 90-day limitation contained within the EEOC's notice of right to sue.

2.4    This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claims.

## III.  The Parties

3.1    Plaintiff is a female individual and resident of Grady County, Oklahoma.

3.2    At all times material to this action, Defendant is a domestic not for profit business corporation registered with the Oklahoma Secretary of State.

Service of this Original Petition may be accomplished by serving their registered agent:  Reg Office, 517 South 4th Street, Chickasha, OK  73018.

### IV.  Background Facts

4.1    On or about April 2022 Defendant hired Plaintiff as Bartender.   She worked in a mostly male work environment.

4.2    Plaintiff always met or exceeded her performance standards.   She was supervised by Terry Trent, Manager.

**Sexual Harassment**

4.3    From the beginning of her employment Plaintiff was subjected to unwanted sexual harassment from mostly regular male members of the lodge, almost daily.

4.4    The harassment directed at Plaintiff included sexually explicit and descriptive comments, invitations for sex, flirtatious behavior and commentary about her physical appearance.    For example, she was told "nice *ss in those shorts", "nice boobs", "we should fu** some time".

**Reportings**

4.5    On or about June 2022 after a male lodge member, Delbert Busby, requested sex from Plaintiff, Plaintiff reported sexual harassment to Bar Manager Trent and Donna Casey, Board President.  Plaintiff was told that they would talk to the lodge members, including Delbert.

4.6     The sexual harassment directed at Plaintiff slowed for about week and then resumed.

4.7     Thereafter, Plaintiff made additional reportings of continued sexual harassment to President Casey and Manager Trent approximately once or twice a month.  Plaintiff was told that they would talk to the lodge members in the regular meetings.

4.8     On or about July 8, 2023, a male lodge member, Allen Mandrell repeatedly told Plaintiff to stop bending over in those shorts.  Later that night he cornered her, reminded her about her shorts and that now she is are going to give it to him or he would *uckin take it.

4.9     On or about Tuesday, July 11, 2023 Plaintiff reported this encounter to Supervisor Trent and President Casey, her encounter and threat from Mr. Mandrell.  Plaintiff was advised to meet with him at his employment while he was sober to discuss his behavior.

4.10    Defendant never investigated the sexual harassment nor instituted any remedial measures.

**Termination**

4.11    On or about July 25, 2024, Supervisor Trent terminated her employment.

4.12    Defendant knew or should have known of the sexual harassment directed at Plaintiff by certain male members of the lodge.

4.13    Plaintiff had met performance standards and had never disciplined.

4

### COUNT I:  Retaliation in Termination of Employment
### (Title VII and OADA)

5.1	Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.13 of this Original Complaint.

5.2	By Plaintiff holding the good faith belief that she was opposing and reporting sex discrimination within management and the Board, Plaintiff was opposing or complaining of discrimination made unlawful by Title VII and OADA.  Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

5.3	Plaintiff's complaining of and opposition to sex discrimination was a motivating factor in Plaintiff's termination from her position.  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaint of sex discrimination in her termination of employment.

5.4	By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and OADA.

5.5	Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff such that Plaintiff is entitled to punitive damages.

5.6     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had Defendant not been terminated Plaintiff in violation of Title VII and OADA.

5.7     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

5.8     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

**COUNT II:  Sexual Harassment**
**(Title VII and OADA)**

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.10 of the Original Complaint.

6.2     Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her gender by maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment, which was so severe, pervasive and humiliating that the terms, conditions and privileges of her employment palpably deteriorated.  Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial and corrective action.  By such conduct and omissions, Defendant

6

violated Section 703(a)(1) of Title VII and OADA, which make it an unlawful employment practice for an employer to discriminate against any person because of gender.

6.3     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff such that Plaintiff is entitled to punitive damages.

6.4     As a direct and proximate result of the unlawful sexual harassment alleged under this Count, and particularly the hostile and abusive work environment which she was required to endure, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.5     As a direct and proximate cause of the unlawful sexual harassment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Prayer for Relief

1.     A judgment that Defendant has engaged in all of the conduct as alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated Title VII and OADA.

2.     An injunction permanently enjoining the Defendant from engaging in the future in the discriminatory employment practices alleged in this Original Complaint as well as any sexually discriminatory employment practices shown by Plaintiff to be a violation of Title VII and OADA.

3.     A judgment against Defendant awarding Plaintiff an amount equal to the back pay, including salary, bonuses, retirement benefits and employee benefits, she would have received if not for the violation of Title VII and OADA.

4.     An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and retirements benefits, she would have enjoyed had she not been terminated by Defendant in violation of Title VII and OADA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and retirement benefits, she would have received, from the date of judgment through the date she would have retired or resigned from employment at Defendant, had she not been terminated by Defendant as an employee.

5.     A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's wrongful conduct.

6.     A judgment against Defendant awarding Plaintiff exemplary or liquidated damages to punish and make an example of Defendant for its wrongful conduct.

7.     A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8.     A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

<u>s/ Jeff A. Taylor</u>
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5621 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:  (405) 286-1600
Facsimile:  (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of their claims.

<u>s/ Jeff A. Taylor</u>
Jeff Taylor

9